UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SPARKLE MYLES                           CASE NO.  2:26-CV-00943

VERSUS                                  JUDGE JAMES D. CAIN, JR.

U S A DEBUSK                            MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court are a Motion to Dismiss [doc. 6] filed under Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike [doc. 12] by defendant USA Debusk. Plaintiff Sparkle Myles opposes both motions. Docs. 10, 15.

## I.
### BACKGROUND

Sparkle Myles filed a pro se employment discrimination suit in this court against her former employer, USA Debusk. Doc. 1. She alleges that she had been employed since August 2025 operating a van for other crew members and clashed with coworker Rufus Sereil, with each accusing the other of violating company policies regarding the van. *Id.* at 3. Sereil and Myles began reporting each other to the office, after which she was the only worker not reassigned following a layoff. *Id.* Myles spoke to HR and asserted that she was let go because Sereil had been "trying to get in [her] pants[.]" *Id.* HR told Myles she was still employed, but then marked her as ineligible for rehire based on reasons she insists are unfounded (namely, taking the van home without permission and refusing a job offer). *Id.*

at 4. Further, Myles alleges, Sereil was later jailed on charges of sexual misconduct with children. *Id.*

Myles filed suit in this court after receiving a notice of suit rights from the EEOC. Doc. 1, att. 1. She appears to raise a claim of retaliation.[1] USA Debusk then filed a motion to dismiss, asserting that Myles's allegations contradict her claim that she was terminated for any improper reason. Doc. 6. Namely, USA Debusk points out that Myles was "already in a layoff period" when she first raised her concerns about Searile, that she was unclear with HR about whether she wished to stay with the company or leave in order to attend school, and that she fails to refute the legitimate reasons offered by HR for her termination. *Id.* Myles opposes the motion with several pages of text messages, which she contends refute the justifications offered by HR. Doc. 10. USA Debusk moves to strike these on the grounds that they are outside the scope of the court's review on a 12(b)(6) motion. Doc. 12. Myles also opposes the motion to strike. Doc. 15.

.

## II.
### LAW & APPLICATION

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as

---

[1] USA Debusk construes the complaint as raising a sexual harassment claim. The underlying EEOC charge has not been provided, and the court finds that the allegations only point toward a retaliation claim.

matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Plaintiff's exhibits are outside the scope of this court's review. Although she argues that the messages are central to her claims, they were not referenced in her complaint. To consider it, the court must convert the motion to dismiss into one for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). This decision, however, is left to the court's discretion. *Ware v. Assoc. Milk Prods.*, 614 F.3d 413, 415 (5th Cir. 1980). Such conversion is not warranted here because the case is in its infancy, with no discovery having taken place, and neither party has asked for conversion.

On the complaint alone, the court finds an insufficient basis to grant defendant's motion to dismiss. Courts must liberally construe the filings of pro se litigants. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). The antiretaliation provision of Title VII "prohibits an employer from discriminating against an employee or job

applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 576–77 (5th Cir. 2020) (cleaned up). Plaintiff alleges that she was marked as ineligible for rehire only after she complained of sexual harassment by Sereil. She also alleges that the reasons offered for her ineligibility are untrue. Plaintiff has provided sufficient allegations, beyond threadbare recitations of the elements of her claim, to support a claim for retaliation.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] will be **DENIED** and the Motion to Strike [doc. 12] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 1st day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**